GONZÁLEZ, DEMANDANTE Y APELADO, *v.* CABRERO, DEMANDADO Y APELANTE. .

APELACION procedente de la Corte de Distrito de Aguadilla en causa sobre cumplimiento de contrato.

No. 1184.—Resuelto en abril 16, 1915.

SOCIEDADES—SOCIEDAD CIVIL—SOCIEDAD MERCANTIL—DEBERES DE LOS SOCIOS.—
Tanto en la sociedad civil como en la mercantil cada socio está en el deber de aportar a la sociedad o a la masa común de ella, el capital o porción del mismo a que se hubiere obligado.

ID.—ACCIÓN ENTRE SOCIOS—DEMANDA ESTABLECIDA POR UNO DE LOS SOCIOS—
ALEGACIONES DE LA DEMANDA.—Aun cuando en una acción entablada para exigir a un socio comanditario la aportación del capital convenido, el demandante no comparezca a nombre de la sociedad industrial y agrícola de que es socio gestor, si en las alegaciones de la demanda afirma ser tal socio gestor y en la súplica solicita que el demandado sea condenado a entregarle el expresado capital para poder dar comienzo al negocio de la compañía, la acción ejercitada por el demandante es en beneficio de la sociedad y no en provecho particular suyo.

APELACIÓN—CUESTIONES NO SUSCITADAS EN LA CORTE INFERIOR.—No cabe discutir en grado de apelación cuestiones que no han sido suscitadas en la corte inferior.

ID.—DERECHO DEL APELANTE—ERRORES ALEGADOS POR EL APELADO.—Es una regla bien establecida que las cortes de apelación examinarán solamente los errores señalados por el apelante, y que no se tomarán en consideración aquellos errores que el apelado alegue haberse cometido por la corte inferior.

EXPOSICIÓN DEL CASO—DEMANDA Y CONTESTACIÓN—DEBER DEL JUEZ SENTENCIADOR.—No deben insertarse íntegros los escritos de demanda y contestación en el de exposición del caso, siendo así que forman parte del legajo de la sentencia según el artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de 1911, y el juez está en el deber de velar por el cumplimiento de dicha ley eliminando al impartirle su aprobación toda materia innecesaria.

TRANSCRIPCIÓN DE AUTOS—OPINIÓN.—Aun cuando la relación breve que del caso hace el juez de conformidad con el artículo 227 del Código de Enjuiciamiento Civil, enmendado en 1911, no forma parte del legajo de la sentencia, es buena práctica el incluirla en la transcripción de autos para mayor ilustración de la corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Franco Soto.*

Abogado del apelado: *Sr. Luis Mercader.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en el pueblo de San Sebastián a 8 de diciembre 1913 por ante el Notario Don Juan B. Soto, celebraron contrato de sociedad industrial y agrícola el demandante Leopoldo González y el demandado Manuel Cabrero Román, estableciendo entre otras estipulaciones de que no es necesario hacer mención, las siguientes: (*a*) La razón social de dicha sociedad sería "Leopoldo González Badillo, Sociedad en Comandita," con domicilio en dicho pueblo; (*b*) su duración, cinco años a contar desde 1°. de enero de 1914, término prorrogable a cinco años más, previa conformidad de los socios; (*c*) su objeto, la siembra y elaboración de tabaco y el cultivo de cualesquiera otros frutos, para lo cual podrían establecerse las factorías y sucursales que fueran necesarias; (*d*) el capital social, la suma de $1,000 que se comprometía a imponer el demandado Cabrero Román en concepto de comanditario con el interés del 12 por ciento

anual que sería liquidado al vencimiento de cada año; (*e*) sería socio gestor Leopoldo González Badillo, quien como tal tendría a su cargo la administración de la sociedad con el uso de la firma social y la dirección de la fábrica y cultivos que hubieran de hacerse, aunque en la elección de empleados y trabajadores habría de ponerse de acuerdo con el otro socio Cabrero Román.

. Alegando Leopoldo González la celebración con Cabrero Román del contrato de que se deja hecho mérito y su falta de cumplimiento por Cabrero Román, por no haber entregado los $1,000 que debía aportar como socio comanditario, necesarios para comenzar las negociaciones de la compañía, a pesar de los varios requerimientos que se le habían hecho, presentó demanda ante la Corte de Distrito de Aguadilla en 25 de febrero de 1914 contra Manuel Cabrero Roman, con súplica de que éste sea condenado a entregar al demandante la expresada suma de $1,000 para dar comienzo en sus funciones de gestor al negocio de la compañía, y se condene asimismo al demandado a cumplir las demás condiciones del contrato celebrado entre ambas partes, con las costas del juicio a su cargo, incluso los honorarios del abogado del demandante.

El demandado Manuel Cabrero Román al contestar la demanda admitió haber concurrido con Leopoldo González al otorgamiento de la escritura de sociedad industrial y agrícola, obligándose a aportar a ella en concepto de socio comanditario la suma de $1,000, pero niega que dicha suma debiera imponerse inmediatamente para dar principio a las operaciones del contrato, pues tal imposición había de verificarse a medida que lo exigieran las necesidades del negocio, estando además sujeta a que se encontraran el local y finca rústica indispensables para el funcionamiento de la sociedad, lo que todavía no se había conseguido.

Celebrado el juicio la Corte de Distrito de Aguadilla dictó sentencia en 30 de abril de 1914 por la que declara que el demandado está obligado a cumplir con todas las cláusulas y

condiciones del contrato de sociedad industrial y agrícola celebrado con el demandante, consignadas en la escritura pública otorgada en San Sebastián con fecha 8 de diciembre de 1913 por ante el Notario Don Juan B. Soto, y especialmente con la obligación contraída por dicho demandado de aportar a la referida sociedad la suma de $1,000 como capital social, y termina con el pronunciamiento que textualmente dice así: ''En su consecuencia se decreta y ordena que dicho demandado Manuel Cabrero Román aporte a la expresada sociedad industrial y agrícola denominada 'Leopoldo González y Badillo, Sociedad en Comandita,' la referida suma de $1,000 y al efecto se dispone que dicho demandado retenga y conserve por ahora dicha suma a la disposición tan solo del demandante Leopoldo González en su carácter de socio gestor hasta que la sociedad esté definitivamente constituída y dé principio a sus operaciones sociales, en cuyo caso la parte restante de dicho capital social, después de cubrirse los gastos de instalación de la sociedad, deberá ingresar en la caja de ésta; y entendiéndose que dicho socio gestor no podrá disponer del todo o parte del capital relacionado sino para invertirlo en beneficio de la sociedad y para atender a los fines y al objeto principal para los cuales se constituyó. Se ordena además que el demandado Manuel Cabrero Román pague las costas y honorarios de abogado.''

Contra la anterior sentencia interpuso la representación del demandado recurso de apelación para ante esta Corte Suprema, y para obtener su revocación invoca el apelante como motivos legales del recurso los siguientes:

*Primero.* Falta de causa de acción por parte del demandante en cuanto la aportación de la suma de $1,000 a la sociedad debe ser exigida al demandado por la sociedad como entidad jurídica y no por el demandante como individuo particular, con sujeción a los artículos 1583 y 1584 del Código Civil Revisado y 170 del Código de Comercio.

*Segundo.* Infracción de los artículos 221 y 225 del Código de Comercio y 1609 del Código Civil Revisado, pues la falta

de determinados elementos para el funcionamiento de la socie-
dad, cuales eran el local donde había de elaborarse el tabaco
y la finca o fincas donde había de sembrarse, es lo mismo que
si hubiera concluído el objeto de la sociedad, o en todo caso
esa falta constituiría un justo motivo para su disolución, asis-
tiendo además al socio en todo caso, el derecho de separarse
por su propia voluntad de la sociedad con sujeción a ciertas
condiciones.

*Tercero.* Error en la apreciación de la prueba, puesto que
ésta demostró que el demandante como socio gestor había
buscado el local y la finca que habían de servir para los fines
de la sociedad, sin que el arrendamiento se llevara a efecto
por culpa del propio demandante quien no ha demostrado
haber hecho diligencias para encontrar local y finca, requi-
sito indispensable para que el demandado tuviera la obliga-
ción de aportar la cantidad que se le reclama.

Examinemos los anteriores motivos expuestos.

En cuanto al primero, los mismos textos legales que cita
el recurrente demuestran que así en la sociedad civil como
en la mercantil cada socio está en el deber de aportar a la
sociedad o a la masa común de ella el capital o porción de
capital a que se hubiere obligado, y consecuencia de ello es
que el demandado Manuel Cabrero Román está en el deber
de aportar a la sociedad Leopoldo González Badillo, Socie-
dad en Comandita, la suma de $1,000 que ofreció aportar a
ella por escritura pública de 8 de diciembre de 1913.

Aunque el demandante Leopoldo González por modo ex-
preso no haya comparecido en el juicio a nombre de la socie-
dad expresada y con el carácter de socio gestor de la misma,
las alegaciones de la demanda en que afirma ser socio gestor
de la sociedad industrial y agrícola constituída por dicha
escritura, y la misma súplica de la demanda en que el deman-
dante solicita sea condenado el demandado a entregar al
demandante la suma de $1,000 para dar comienzo en sus fun-
ciones de gestor al negocio de la compañía no dejan la menor
duda de que la acción para el cobro de la expresada suma ha

sido ejercitada por el demandante en beneficio de la sociedad y no en provecho particular suyo. Así lo entendió el demandado Manuel Cabrero Román al no excepcionar la demanda por el fundamento de que no se hubiera obligado con el demandante Leopoldo González sino con la sociedad constituída por ambos. Hoy es tardío su reparo de que el demandante carece de acción, con tanta mayor razón cuanto que por la sentencia se ordena que el demandado aporte a la sociedad la suma de $1,000 y la retenga a la disposición del demandante no como particular sino como socio gastor de Leopoldo González Badillo, Sociedad en Comandita.

Por lo que atañe al segundo motivo del recurso, no son atinentes al caso los preceptos legales en que se funda, pues ninguna de las partes ha solicitado la disolución de la sociedad Leopoldo González Badillo, Sociedad en Comandita, ni ha pretendido separarse de ella.

Unicamente se trata de si el demandado está obligado a aportar a dicha sociedad la suma de $1,000 que por escritura pública se obligó a imponer en ella. No cabe discutir en grado de apelación cuestiones que no han sido suscitadas en la corte inferior.

Respecto del tercer motivo del recurso, examinada la escritura de constitución de la sociedad de que se trata con los demás elementos de prueba aportados al juicio, no encontramos que la aportación de la suma de $1,000 por parte del demandado se hiciera depender del cumplimiento del requisito o condición que supone el apelante.

La parte apelada en su alegato escrito pide la confirmación de la sentencia apelada, modificándola a ser posible, en el sentido de que la aportación del capital se haga por el demandado totalmente de una sola vez, sin reclamación alguna; pero como no apeló de dicha sentencia no puede beneficiarse del recurso interpuesto por el demandado, y carecemos por tanto de jurisdicción para considerar y decidir si procede o no la modificación pedida.

''En una regla bien establecida que las cortes de apelación examinarán solamente los errores señalados por el apelante (*Jackson* v. *F. R. W. Co.*, 14 Cal., 22) y que no se tomarán en consideración aquellos errores que el apelado alegue haberse cometido por la corte inferior. (*Poppe* v. *Athearn*, 42 Cal., 606.)'' *Puig et al* v. *Sucesión Polanco*, 16 D. P. R., 741.

No terminaremos sin hacer constar que en el escrito de exposición del caso se insertan íntegros los escritos de demanda y contestación, cuya copia viene también formando parte del legajo de la sentencia. Esa duplicidad de copias es innecesaria. En el escrito de exposición del caso sólo debe hacerse referencia a la demanda, contestación y demás alegaciones que forman parte del legajo de la sentencia, según el artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 de 9 de marzo, 1911, y el juez está en el deber de velar por el cumplimiento de dicha ley, eliminando al impartir su aprobación toda materia innecesaria.

Tampoco ha venido en la transcripción de autos la relación breve del caso que ha debido hacer el juez según el artículo 227 del código citado comprendido en la Ley No. 70 de 9 de marzo de 1911, cuya relación, aunque no forme parte necesaria del legajo de la sentencia, conviene venga a esta corte, como ya hemos resuelto en otras ocasiones.

Por las razones expuestas procede la confirmación de la sentencia apelada que dictó la Corte de Distrito de Aguadilla en 30 de abril de 1914.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.